NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BRYAN CURTIS,                             )
                                          )
            Appellant,                    )
                                          )
v.                                        )      Case No. 2D14-1661
                                          )
STATE OF FLORIDA,                         )
                                          )
            Appellee.                     )
                                          )
_____)

Opinion filed June 5, 2015.

Appeal from the Circuit Court for Pasco
County; Mary M. Handsel, Judge.

Howard L. Dimmig, II, Public Defender,
and Kevin Briggs, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.

BLACK, Judge.

        Bryan Curtis challenges his convictions and sentences for attempted

murder, aggravated battery, false imprisonment, grand theft motor vehicle, and grand

theft.  Because the judgment includes adjudications for offenses to which Curtis did not plead, we reverse in part.[1]

The record reflects that Curtis entered open pleas of guilty to attempted murder, aggravated battery, and false imprisonment.  The plea form indicates that Curtis was pleading to those charges, and nothing in the transcript of the change of plea hearing otherwise specifies that Curtis pleaded to grand theft motor vehicle or grand theft.  Nonetheless, the judgment includes adjudication for the theft charges.  "This was fundamental reversible error to which no objection was required."  Brown v. State, 960 So. 2d 905, 905 (Fla. 2d DCA 2007).

Accordingly, the convictions for grand theft motor vehicle and grand theft are reversed.  The convictions for attempted murder, aggravated battery, and false imprisonment are affirmed.  We remand for the trial court to enter an amended judgment and to resentence Curtis accordingly.[2]

Affirmed in part, reversed in part, and remanded with instructions.

KELLY and WALLACE, JJ., Concur.

---

[1]This appeal was initially briefed pursuant to Anders v. California, 386 U.S. 738 (1967), but this court ordered supplemental briefing on the issue of whether the charges of grand theft motor vehicle and grand theft were disposed of via plea or otherwise, as the plea form nor the record on appeal addressed these charges.

[2]Curtis was sentenced to 12.325 years, the lowest permissible sentence pursuant to his scoresheet.